## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ACME TRUCK LINE, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3152 |
| | § | |
| JEAN MAHONEY GARDNER, | § | |
| SCHINDEL FARMAN LIPSIUS GARDNER & | § | |
| RABINOVICH, L.L.P. and | § | |
| HILL RIVKINS, L.L.P., | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff's motion to remand. Dkt. 5. After considering the motion, response, reply, record evidence, and applicable law, plaintiff's motion to remand (Dkt. 5) is **DENIED**.

### I. BACKGROUND

Plaintiff filed a lawsuit against defendants in state court for alleged violations of the Texas Insurance Code and Deceptive Trade Practices Act, negligence, gross negligence, breach of fiduciary duty, and respondeat superior on September 16, 2013. Dkt. 1, Ex. D-1; Dkt. 6, Ex. A (Plaintiff's First Amended Petition). Plaintiff alleges that defendant, Jean Mahoney Gardner ("Gardner"), a partner with the law firm of Schindel Farman Lipsius Gardner & Rabinovich, L.L.P. ("Schindel"), represented plaintiff in a separate lawsuit filed by Verizon Wireless ("Verizon") against plaintiff for the loss of a cell phone shipment. Dkt. 1, Ex. D-1 at 3-4. Plaintiff alleges that during settlement negotiations between plaintiff and Verizon, Gardner joined Hill Rivkins, L.L.P. ("Hill Rivkins"), the law firm that represented Verizon and failed to disclose this new position to plaintiff until after the

settlement agreement was finalized.  *Id.* at 7.  Plaintiff maintains that Gardner had a conflict of interest and negotiated a settlement that was not in its best interest.  *Id.* at 8.

On October 25, 2013, defendants Gardner and Schindel timely filed their notice of removal alleging federal subject matter jurisdiction on the basis of diversity between the parties.  Dkt. 1. Plaintiff filed a motion to remand on November 29, 2013, arguing that removal was improper because Hill Rivkins is a citizen of Texas.  Dkt. 6.  Defendants responded that plaintiff does not have a possibility of recovery against Hill Rivkins, and Hill Rivkins was only joined to preclude removal. Dkt. 13.  Further, defendants argue that plaintiff failed to timely file its motion to remand, waiving any procedural objections to removal.  *Id.*

## II. Legal Standard

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case.  28 U.S.C. § 1441(a).  For a federal court to have original jurisdiction on the basis of diversity, the amount in controversy must exceed $75,000 and complete diversity must exist between all parties.  *Id.* § 1332(a).  Additionally, an otherwise removable action may not be removed on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *Id.* § 1441(b)(2).  The burden of proving federal jurisdiction rests on the removing party.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Plaintiff must file its motion to remand  on the basis of any defect other than lack of subject matter jurisdiction within 30 days after the filing of the notice of removal.  28 U.S.C. § 1447(c).

2

### III. ANALYSIS

The court finds it unnecessary to determine whether Hill Rivkins was improperly joined in this lawsuit because plaintiff waived its right to object to the removal by failing to timely move for remand. As discussed below, the Fifth Circuit has held that an objection to removal based on a forum defendant under Section 1441(b) is an objection to removal procedure, which is waived if a motion to remand is not filed within 30 days of the filing of the notice of removal. The Fifth Circuit has strictly applied this rule, and on this basis, the court must deny remand.

In order for the court to have original jurisdiction on the basis of diversity, "all persons on one side of the controversy must be citizens of different states than all other persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted); *see also* 28 U.S.C. § 1332(a). Here, the court has subject matter jurisdiction because complete diversity exists on each side of this controversy. Plaintiff is a citizen of Louisiana, and the defendants are citizens of states other than Louisiana.[1]

Plaintiff, however, seeks remand on the basis of, what is commonly referred to as, the forum-defendant rule. *See* 28 U.S.C. § 1441(b); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). The forum-defendant rule provides that a lawsuit removed based solely on diversity

---

[1] Plaintiff argues that the court lacks subject matter jurisdiction because defendants have not properly alleged that Hill Rivkins is a citizen of Texas. In the Notice of Removal, defendants state that Hill Rivkins has one partner that is a "resident of Texas." Dkt. 1. Plaintiff contends this allegation is deficient and requires the court to consider Hill Rivkins a citizen of every state (including Louisiana), which would destroy diversity. Dkt. 17, p. 5 (citing *Magnum Producing LP v. St. Paul Surplus Lines Ins. Co.*, 2010 WL 5342870, at *3 (S.D. Tex. 2010)). The court does not agree that the citizenship of Hill Rivkins is in dispute. The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Plaintiff's First Amended Petition clearly alleges that Hill Rivkins is a citizen of Texas. Dkt. 6, Ex. A. Further, defendants concede Hill Rivkins has one partner that resides in Texas. The court finds that it does have subject matter jurisdiction because Hill Rivkins' citizenship has been sufficiently established to be in states other than Louisiana.

3

jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2).  Plaintiff contends that diversity removal is not proper because Hill Rivkins is a citizen of Texas.  While this rule would generally require an analysis of Hill Rivkins' citizenship and a determination of whether Hill Rivkins was properly joined in this lawsuit, this analysis in unnecessary in light of the Fifth Circuit's rulings regarding waiver of the forum-defendant rule.  Specifically, the Fifth Circuit has repeatedly held that the forum-defendant rule is not jurisdictional, but rather a procedural rule of removal, which can be waived.  *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 394 (5th Cir. 2009) (collecting other circuit cases reaching same conclusion); *F.D.I.C. v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992) ( "[W]e interpret the first sentence of § 1447(c) as precluding all remands for procedural defects after the expiration of the thirty-day remand period specified by § 1447(c)."); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991).

The Fifth Circuit decision in *Shell Oil* directly addresses the untimeliness of a motion to remand in this situation.  It strictly construed Section 1447(c)'s provision that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction *must* be made within 30 days after the filing of the notice of removal."  (emphasis added).  Specifically, plaintiffs in *Shell Oil* filed their motion to remand three days after the 30 day deadline on the basis that two defendants were citizens of the forum state.  *Shell Oil*, 932 F.2d at 1518.  The district court found it had subject matter jurisdiction, but determined that plaintiff had waived their objection to any defect in removal procedure under Section 1441(b), the forum-defendant rule.  *Id.* at 1519.  The Fifth Circuit affirmed, finding that the forum-defendant rule was not a jurisdictional rule, but rather a procedural rule to

removal that could be waived.  *Id.* at 1523.  Plaintiffs, thus, waived the non-jurisdictional ground for

remand by not moving for remand within 30 days of the notice of removal.  *Id.*

The court must apply *Shell Oil* as well as the numerous other cases adopting its holding that

any objection based on the forum-defendant rule is waived if a motion for remand is not timely filed.

*Exxon Chem. Fire*, 558 F.3d at 394; *Loyd*, 955 F.2d at 322; *In re Digicon Marine, Inc.*, 966 F.2d

158, 160 (5th Cir. 1992).  In the instant case, defendants filed their notice of removal on October 25,

2013, making the motion to remand due on November 25, 2013.  Plaintiff, however, did not file its

motion to remand until November 29, 2013.  Because plaintiff did not file its motion to remand in

a timely manner, the court finds that plaintiff waived its right to object to the improper removal on

the basis of Hill Rivkins being a citizen of Texas.

Plaintiff attempts to show that its motion to remand was timely filed under the time

computation rules set out in Federal Rule of Civil Procedure 6.  Plaintiff maintains that because the

notice of removal was mailed to plaintiff, the court should allow an additional 3 days for filing the

motion to remand under the mailbox rule stated in Rule 6(d).  Rule 6(d) provides "[w]hen a party

may or must act within a specified time after service and service is made [by mail], 3 days are added

after the period would otherwise expire."  FED. R. CIV. P. 6(d).   By this calculation, plaintiff's

motion to remand would have been timely.  However, the plain language of the statute and Fifth

Circuit precedent foreclose plaintiff's argument.  *Pavone v. Miss. Riverboat Amusement Corp.*, 52

F.3d 560, 566 (5th Cir. 1995) (holding former Federal Rule of Civil Procedure 6(e) (now Rule 6(d))

does not extend the 30 day deadline of 28 U.S.C. § 1447(c) for motions to remand).  As the court

noted in *Pavone*, the language in Rule 6(d) does not apply to the deadline set out in Section 1447

because the mailbox rule only applies when a party must act "within a specified time after *service*"

5

and Section 1447 requires a party file a motion to remand 30 days after the notice of removal is *filed*. *Id.* (emphasis added).  Thus, the court does not find that the motion to remand was timely filed.

Finally, plaintiff seeks an extension of time to file an untimely motion to remand under Federal Rule of Civil Procedure 6(b).  Dkt. 17.  Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  FED. R. CIV. P. 6(b)(1)(B).  While the Fifth Circuit has not expressly addressed this argument, it has strictly construed Section 1447(c)'s 30 day deadline for filing a motion to remand on non-jurisdictional grounds.  *Exxon Chem. Fire*, 558 F.3d at 394; *Shell Oil*, 932 F.2d at 1523.

Plaintiff cites to *Morin v. Target Corp.*, 2009 WL 2704092, *5 (N.D. Ill. 2009), for the proposition that defendants would not suffer prejudice if the court allowed the untimely motion for remand.  In *Morin*, however, the court did not find that the plaintiff established excusable neglect because of hiring new counsel after removal and noted that "[d]eadlines, particularly statutory deadlines, are imposed for a reason and missing them cannot be lightly forgiven." *Id.* at *3-5; *see also Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (noting that although the "defect in removal process could have justified remand, but because 30 days passed without protest—and the problem does not imperil subject-matter jurisdiction—the case is in federal court to stay").  The court does not find good cause warranting an extension of the statutory deadline to file a motion for remand based on counsel's calendaring errors.

**IV. Conclusion**

For the foregoing reasons, plaintiff's motion to remand (Dkt. 5) and motion for extension of time (Dkt. 17) are **DENIED**.  By this order, the court also DENIES as moot plaintiff's motion to stay deadlines.  Dkt. 19.  In light of this ruling, however, the court will allow plaintiff leave to file an amendment to its complaint within 30 days from the date of this order, and the court will consider any other reasonable extensions agreed to by the parties as to the other deadlines set out in the scheduling order.

Signed at Houston, Texas on April 23, 2014.

_____
Gray H. Miller
United States District Judge