# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ACME TRUCK LINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3152 |
| | § | |
| JEAN MAHONEY GARDNER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is defendants' motion to compel the production of requested documents from Acme Truck Line, Inc. ("plaintiff") and non-party, David Frock ("Frock"). Dkt. 45. Defendants have also moved to compel production of documents from non-parties, John W. Robinson, John W. Robinson Law Offices, and John W. Robinson, P.C. ("Robinson"). Dkt. 50. After considering the motions, response, reply, and applicable law, the court is of the opinion that the motions should be GRANTED. Acme, Frock, and Robinson are ordered to produce to defendants the documents being withheld by **Monday, December 1, 2014 at 9:00 a.m.**

This legal malpractice action arises from a state court lawsuit ("State Lawsuit") filed against plaintiff for damages resulting from the loss of a shipment of cell phones. Dkt. 23. Plaintiff filed a claim with its insurer, Navigators Insurance Company ("Navigators"), seeking defense and indemnity for the loss under its Motor Truck Cargo insurance policy. *Id.* at 3. Navigators engaged Jean Mahoney Gardner ("Gardner") and her law firm to represent Navigators' interest in the State Lawsuit. *Id.* Some time thereafter, David Frock was appointed by Navigators to act as plaintiff's counsel. *Id.* at 4. Robinson also acted as counsel for plaintiff in the State Lawsuit. Dkt. 50, p. 2 n.1. After reaching a settlement with Verizon in the State Lawsuit, plaintiff filed this lawsuit, alleging

that Gardner breached her fiduciary duty and provided negligent legal representation because she accepted a position at the law firm representing Verizon during settlement negotiations. Dkt. 23. The parties dispute whether Gardner entered into an attorney-client relationship with plaintiff.

In this lawsuit, defendants propounded requests for production on plaintiff and subpoenaed documents from non-parties, Frock and Robinson, related to Gardner's actions in the underlying State Lawsuit. Plaintiff, Robinson, and Frock have withheld certain documents that may be privileged in the State Lawsuit, claiming that the documents should only be produced in this lawsuit subject to a protective order. Specifically, plaintiff requests a protective order[1] restricting certain documents from being disclosed outside of this litigation. Because the underlying State Lawsuit is still pending, plaintiff has concerns that documents produced in this litigation will be discovered by adverse parties in the State Lawsuit. Defendants object to plaintiff's position that they should be required to enter into a protective order to obtain discoverable documents that are not otherwise confidential or privileged in this action.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. FED. R. CIV. P. 37(a). The party resisting discovery must show specifically how each request is not relevant

---

[1] Frock joined in plaintiff's motion for a protective order. Dkt. 48. Robinson has not sought similar relief from the court.

or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

The party resisting discovery may also move for a protective order. FED. R. CIV. P. 26(c)(1). Rule 26(c) allows the court to issue a protective order upon a showing of "good cause" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . a trade secret or other confidential research, development, or commercial information." *Id.* at 26(c)(1)(G). A party seeking to protect the disclosure of sensitive information must first establish the confidential nature of the requested discovery. *See Freeport McMoran Sulpher, L.L.C. v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 595236, at *10 (E.D. La. Mar. 23, 2004). The movant must also establish "good cause," showing the necessity for the issuance of a protective order. *ST Sales Tech Holdings, L.L.C. v. Daimler Chrysler Co., L.L.C.*, 2008 WL 5634214, at *2 (E.D. Tex. Mar. 14, 2008); *see also* 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2043 (1970) ("Besides showing that the information qualifies for protection, the moving party must also show good cause for restricting dissemination on the ground that it would be harmed by its disclosure."). For good cause to exist, the party seeking to limit the disclosure must make more than conclusory allegations that specific prejudice or harm will result if no protective order is granted. *Smith v. Jaramillo,* 394 F. App'x 183, 186 (5th Cir. 2010).

In determining whether to issue a protective order, the interests of those persons who wish to obtain the disputed information should be balanced against the interests of those parties who wish to keep the disputed information confidential. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Here, plaintiff's speculative concerns regarding potential disclosure in the State Lawsuit do not outweigh its discovery obligations in this case. Plaintiff acknowledges that privilege does not

3

apply to the documents withheld in the context of this malpractice suit. Plaintiff generally refers to the documents as "confidential," but has failed to identify any valid basis upon which the court can deem these documents confidential. Thus, the documents being withheld are discoverable by defendants and have been properly requested in discovery.

Plaintiff insists, however, that the documents remain subject to protection because the privileged nature of these documents is not waived as to non-parties in the State Lawsuit. Dkt. 46, p. 6. To the extent the documents maintain their privileged status in the State Lawsuit, the appropriate recourse, should disclosure occur, is to seek protection from the state court. Further, like all attorneys, Gardner is subject to the rules of professional responsibility governing the disclosure of privileged information. Finally, plaintiff is further protected by the Federal Rules of Evidence, which dictate that disclosure of documents in a federal proceeding will not waive any claims of privilege in a state court proceeding. FED. R. EVID. 502.

Defendants are entitled to the documents being withheld in order to defend against the claims in this action, despite plaintiff's hypothetical concerns. Absent a showing that the discovering party is exploiting the instant litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums. *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 153-54 (W.D. Tex. 1980); *Johnson Foils Inc. v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.N.Y. 1973). There is no allegation of such impermissible intentions. In light of the inherent procedural safeguards available to plaintiff, there is no good cause for the court to protect the information sought in this case. As such, plaintiff has not met its burden for a protective order because it has not established the confidential nature of the documents or the specific harm that will result should the documents be produced.

Under Rule 37, a party whose conduct necessitated the motion to enforce discovery generally is required to pay the movant's reasonable expenses and attorneys' fees. FED. R. CIV. P. 37(a)(5)(A). However, payment should not be ordered if the opposing party's nondisclosure or objection was "substantially justified." *Id.* at 37(a)(5)(A)(ii). The court denies defendants' request for expenses and attorneys' fees incurred in the preparation of their motions to compel. While the court ultimately agrees that a protective order is not warranted, plaintiff had legitimate concerns regarding the disclosure of documents in the ongoing State Lawsuit. While this is not the proper forum to lodge privilege concerns, plaintiff had substantial justification for its position and continuously worked with defendants and the court in an effort to resolve this discovery dispute. Therefore, the court declines to award expenses and attorneys' fees.

For the reasons stated herein, defendants' motions to compel (Dkts. 45, 50) are GRANTED and plaintiff's motion for a protective order (Dkt. 46) is DENIED. Defendants have agreed to enter into a confidentiality agreement with respect to specific documents that were not previously disseminated to Gardner or Navigators in the State Lawsuit. Dkt. 45, p. 4. Thus, the parties are ORDERED to confer and attempt to enter into a reasonable confidentiality agreement with respect to the documents which were not previously sent to Gardner or Navigators. All other documents requested by defendants, which are being withheld by Acme, Frock, and Robinson shall be produced to defendants by **Monday, December 1, 2014 at 9:00 a.m.**

Signed at Houston, Texas on November 25, 2014.

_____
Gray H. Miller
United States District Judge